UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Catherine Mora Roberts

    Plaintiff,

v.

JOHN RORKE,

    Defendant.

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1. Plaintiff Catherine Mora Roberts, neé Catherine Ann Mora, then a student at Millbrook School ("Millbrook"), was sexually abused by its Dean of Students, John Rorke ("Rorke"). After numerous instances of sexual abuse of the Plaintiff at Millbrook in New York state, Rorke took her to Massachusetts where he had unlawful intercourse with her in violation of M.G.L. c. 272, § 4. His acts were an abuse of the position and authority he held and of the Plaintiff's trust.

2. The plaintiff now seeks damages for her personal injuries pursuant to the common laws and statutes of Massachusetts.

3. Plaintiff's claims are brought within the appropriate Statute of Limitations set forth in M.G.L. c. 260, § 4 because the act of sexual abuse in Massachusetts happened within thirty-five (35) years prior to this suit.

## STATEMENT OF JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Massachusetts, the Defendant is a resident of Connecticut, and the amount in controversy, without interests and costs, exceeds the sum or value of $75,000.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the District of Massachusetts.

6.  Personal jurisdiction exists over Defendant Rorke under M.G.L. c. 223A, § 3 because he caused tortious injury to the Plaintiff in Massachusetts.

## PARTIES

7.  Plaintiff Catherine Mora Roberts, Ph.D., is an individual with a residence in Essex, Massachusetts.

8.  Defendant John Rorke is an individual with a residential address in Kent, Connecticut.

## STATEMENT OF FACTS

9.  From approximately 1974 to approximately 1991, Rorke was employed by Millbrook as the Dean of Students, as a history teacher, and ultimately as Assistant Headmaster with responsibilities that included, among other things, teaching, guiding, supervising, or otherwise interacting with minor children who were students there. As the Dean of Students, he held a high-level position in the administration of the school whereby faculty reported to him. As Dean of Students, he was responsible for the safety and well-bring of the students. Although he reported to the Headmaster, he was allowed to conduct his day to day business unsupervised. He was authorized by the school to grant permission for students to leave campus overnight.

10. In the fall of 1979, when Plaintiff was fifteen years old, she enrolled at Millbrook as a junior. She continued as a full time student at Millbrook from approximately 1979-1981. She graduated in the spring of 1981 when she was seventeen years old.

11. The Plaintiff lived on the Millbrook campus as a residential student during the two years she attended the school.

12. During her two years there, Plaintiff became isolated, had few friends, and little connection to the faculty. After February of her senior year, she had no faculty member appointed to be her advisor. Difficulties with the college admissions process caused her considerable anxiety and shame. She was highly fragile and vulnerable.

13. Rorke was Plaintiff's teacher for her Advanced Placement World History class. When a close friend of Plaintiff's was at risk of expulsion, Plaintiff went to Mr. Rorke, in his capacity as Dean of Students, to beg him to reconsider the expulsion. Although he refused to reconsider, he did express his concern about Plaintiff's difficulties in securing admission to college and offered to help, including tutoring Plaintiff for her upcoming Advanced Placement Examination. Rorke asked Plaintiff to choose him to become her advisor and promised he would ensure her acceptance to a strong college.

14. Plaintiff met with Rorke two or three times per week in his office. Each time she arrived, the blinds were closed and Rorke shut the door. His usual practice with other students was to have the blinds and door open.

15. Each time Plaintiff met with Rorke, he became increasingly physical with Plaintiff. He had her sit on his lap. Eventually, he kissed her.

16. Plaintiff trusted Rorke. She was highly vulnerable and susceptible to influence and Rorke exerted undue influence over her.

17. Oftentimes the meetings between the Plaintiff and Rorke occurred after 9:00 pm, the hour that Plaintiff was required to return to her dormitory. When the adult supervisor of her dormitory saw that she had been meeting with Rorke, however, she did not question the late arrival because Rorke was Dean of Students.

18. At the time of the Senior School Dance, Rorke urged Plaintiff to meet him at the library. Upon meeting there, he took her to a secluded room in the library that he knew about because his wife was the librarian. Upon entering the room, her turned off the lights and groped Plaintiff's body. He kissed her repeatedly, touched her thighs, and forced her to touch him. He told her it was nice to be with her, and promised to make sure she would get into college. After she left the library, she returned to her dormitory and told her roommate that she had not attended the dance because she felt sick.

19. On or about mid-May, 1981, Rorke induced Plaintiff to leave campus. In so doing, he exercised his authority to give her "permission" to leave. Plaintiff's parents were not informed of her departure. He was able to take her off campus without any inquiry by any other adult supervisor at Millbrook.

20. Rorke, under the ruse of taking Plaintiff to look at colleges, drove Plaintiff to Boston, Massachusetts. Rorke reserved accommodations at a motel on Huntington Avenue, where they stayed overnight. Rorke did not allow Plaintiff to leave the hotel room he had reserved for the two of them. He gave Plaintiff, a minor, multiple beers and encouraged her to become inebriated. He then sexually abused her, and induced her to have repeated unlawful sexual intercourse without her consent.

21. Plaintiff had never had sexual intercourse before this night with Rorke.

22. The next day, Rorke put Plaintiff alone on a bus to return to Millbrook. She had not visited a single college.

23. Not until recently was Plaintiff able to comprehend and understand that Rorke's conduct had been sexually abusive and that the cause of overwhelming personal and emotional problems she has experienced were caused by the sexual abuse of Rorke.

24. As a result of Rorke's sexual abuse, the Plaintiff suffers, has suffered, and will continue to suffer in the future emotional distress and physical harm manifested by objective symptomatology, including but not limited to, Post Traumatic Stress Disorder, Female Sexual Arousal Disorder, depression, panic attacks, insomnia, and self-destructive behavior.

25. At all relevant and material times, Rorke misrepresented and concealed from the Plaintiff the wrongful nature of the sexual abuse and that such abuse could cause her great harm. Because of his position of trust with and authority over her, he exerted undue influence over her.

## CLAIM FOR RELIEF

### Tort of Sexual Abuse

26. Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

27. On or about May 15, 1981, Rorke convinced Plaintiff to travel to Massachusetts under false pretenses.

28. While in Massachusetts, Rorke induced Plaintiff, a vulnerable minor, to engage in unlawful sexual intercourse.

29. Plaintiff was under eighteen years of age and had never engaged in sexual intercourse before.

30.     This conduct constitutes sexual abuse pursuant to M.G.L. c. 272, § 4.

31.     As a direct and proximate cause of this sexual abuse, Plaintiff has suffered and will continue to suffer into the future severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, long term lost earning capacity, and other damages.

32.     By reason of the foregoing, Rorke is liable to Plaintiff for the tort of sexual abuse of a minor.

33.     Plaintiff was under eighteen years of age and had never engaged in sexual intercourse before.

34.     This conduct constitutes sexual abuse pursuant to M.G.L. c. 272, § 4.

35.     As a direct and proximate cause of this sexual abuse, Plaintiff has suffered and will continue to suffer into the future severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, long term lost earning capacity, and other damages.

36.     By reason of the foregoing, Millbrook is liable to Plaintiff for the tort of sexual abuse of a minor.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Catherine Mora Roberts respectfully demands judgment of $5,000,000 in damages, plus costs, and such other and further relief as this Court deems just and equitable.

## PLAINTIFF'S JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all claims.

Dated: August 26, 2016

By Plaintiff, *Pro se*

Catherine Mora Roberts
10 Lowe Hill Road
Essex, MA 01929
978-884-1213
kmoraroberts@yahoo.com